1
2
3
4                        UNITED STATES DISTRICT COURT

5                      NORTHERN DISTRICT OF CALIFORNIA

6

7    TODD WHITE,                              Case No. 25-cv-07717-JST

8                   Plaintiff,

9          v.                                 **SCREENING ORDER**

10   BMO BANK N.A.,                           Re: ECF No. 1

11                  Defendant.

12

13   **I.      STANDARD OF REVIEW**

14         Section 1915(e)(2) requires the Court to screen *in forma pauperis* proceedings to

15   determine if the action is frivolous or malicious, fails to state a claim on which relief may be

16   granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C.

17   § 1915(e)(2).  "The standard for determining whether a plaintiff has failed to state a claim upon

18   which relief can be granted under [Section] 1915(e)(2)(B)(ii) is the same as the Federal Rule of

19   Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108,

20   1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1127–31 (9th Cir. 2000)).  If the Court

21   determines that the action "fails to state a claim on which relief may be granted," it must dismiss

22   the case.  28 U.S.C. § 1915(e)(2)(B)(ii); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th

23   Cir. 1998).

24         Fed. R. Civ. P. 8(a)(2) requires only "a short and plain statement of the claim showing that

25   the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Specific facts are not necessary; the

26   statement need only give the defendant fair notice of what the . . . claim is and the grounds upon

27   which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotations and citation

28   omitted).  While Rule 8 does not require detailed factual allegations, it "demands more than an

United States District Court
Northern District of California

unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

## II.    DISCUSSION

For purposes of screening under 28 U.S.C. § 1915(e)(2), the Court "accept[s] all factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Todd White filed this action against BMO Bank, N.A., a national bank at which he previously held a checking account. ECF No. 1 ¶¶ 2, 5. He alleges that even though he opted out of BMO's overdraft protection service, BMO allowed transactions to be processed causing an overdraft and charged White overdraft fees. *Id.* ¶¶ 6–9. He further alleges that the overdrafts and accompanying fees caused his account to become negative, at which point BMO closed his account. *Id.* ¶¶ 10–11. BMO then allegedly reported the negative balance and account closure to a consumer reporting agency, impacting White's credit and causing him to be denied banking services elsewhere. *Id.* ¶¶ 12–13.

White brings claims for: (1) violation of the Electronic Fund Transfer Act ("EFTA"); (2) violation of the Fair Credit Reporting Act ("FCRA"); (3) breach of contract; (4) negligence; and (5) violation of the California Unfair Competition Law ("UCL"). For the reasons explained herein, the Court finds that White has adequately stated a claim with respect to all causes of action except his claim for for negligence.

### A.    Violation of the Electronic Fund Transfer Act and Regulation E

The EFTA is a federal consumer protection law "establishing the rights, liabilities, and responsibilities of participants in electronic fund and remittance transfer systems." 15 U.S.C. § 1693(b). The EFTA, together with its implementing regulation, Regulation E, governs electronic fund transfers that directly affect consumer accounts. *See id.* § 1693a(7). The EFTA provides that "any person who fails to comply with any provision of [the EFTA] with respect to any consumer . . . is liable to such consumer." 15 U.S.C. § 1693m(a); *see also Widjaja v. JPMorgan Chase Bank, N.A.*, 21 F.4th 579, 584 (9th Cir. 2021) (noting Section 1693m(a)

United States District Court
Northern District of California

"authorizes a private right of action" against banks that violate the EFTA).

Regulation E states that a financial institution "shall not assess a fee or charge on a consumer's account for paying an ATM or one-time debit card transaction pursuant to the institution's overdraft service, unless the institution" provides the consumer written notice describing the service and obtains the consumer's affirmative consent. *See* 12 C.F.R. § 1005.17(b)(1)(i)–(iii). Subject to enumerated exceptions not applicable here, "the term 'overdraft service' means a service under which a financial institution assesses a fee or charge on a consumer's account held by the institution for paying a transaction (including a check or other item) when the consumer has insufficient or unavailable funds in the account." 12 C.F.R. § 1005.17(a).

White alleges that BMO paid overdraft charges and charged him overdraft fees even though he had opted out of such services. ECF No. 1 ¶ 21. He has stated a claim for a violation of the EFTA.

### B.    Violation of the Fair Credit Reporting Ac

"Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). With respect to entities that furnish financial information to consumer credit reporting agencies, the FCRA imposes two general duties: the duty to provide accurate information, 15 U.S.C. § 1681s–2(a), and the duty to investigate the accuracy of reported information upon receiving notice of a dispute, 15 U.S.C. § 1681s–2(b). *See Sanai v. Saltz*, 170 Cal. App. 4th 746, 763 (2009), *as modified on denial of reh'g* (Feb. 18, 2009). The statute gives consumers a private right of action to enforce Section 1681s–2(b) (but not to enforce Section 1681s–2(a)). *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059–60 (9th Cir. 2002). Moreover, to trigger the duty to investigate under Section 1681s–2(b), the furnisher of information must be notified of the disputed information by the consumer credit reporting agency—not by the consumer. *See id*. at 1060; *Johnson v. Wells Fargo Home Mortg., Inc.*, 558 F. Supp. 2d 1114, 1120 (D. Nev. 2008). Once the duty is triggered, the furnisher must conduct "a reasonable, non-cursory investigation." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147,

1157 (9th Cir. 2009).

White alleges that BMO violated the FCRA by furnishing to ChexSystems, a credit reporting agency, information that was "inaccurate because it was based on improper draft fees and a failure to honor [White's] opt-out election." ECF No. 1 ¶ 25. He alleges that he "disputed this inaccurate information with ChexSystems" and that ChexSystems subsequently notified BMO of the dispute but that BMO "failed to conduct a reasonable investigation or to correct the inaccurate information." *Id.* ¶¶ 15, 26.

White therefore alleges that ChexSystems, a furnisher of credit information under Section 1681s–2(b), failed to conduct the requisite reasonable investigation after being duly notified by the credit reporting agency of a dispute. He has adequately alleged a violation of Section 1681s–2(b).

### C.    Breach of Contract

The elements of a cause of action for breach of contract under California law are: "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). "To properly plead breach of contract, '[t]he complaint must identify the specific provisions of the contract allegedly breached by the defendant.'" *Caraccioli v. Facebook, Inc.*, 167 F. Supp. 3d 1056, 1064 (N.D. Cal. 2016), *aff'd*, 700 F. App'x 588 (9th Cir. 2017) (quoting *Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 930 (N.D. Cal. 2012)).

White alleges that he entered into a contract with BMO bank when he opened a checking account and opted out of BMO's overdraft services. ECF No. 1 ¶¶ 5–6. He alleges that BMO violated that contract by processing withdrawals that overdrew his account and charging him overdraft fees. *Id.* ¶¶ 8–9. And he alleges that he was harmed when BMO's breach caused him to incur fees and caused his account to become negative, which BMO reported to credit reporting agencies, harming White's ability to obtain banking services at other financial institutions. *Id.* ¶¶ 10, 13. White has stated a claim for a breach of contract and identified the contract with the requisite particularity.

### D.    Negligence

"The elements of any negligence cause of action are duty, breach of duty, proximate cause,

United States District Court
Northern District of California

4

1    and damages." *Peredia v. HR Mobile Servs., Inc.*, 25 Cal. App. 5th 680, 687 (2018) (citing

2    *Artiglio v. Corning Inc.*, 18 Cal. 4th 604, 614 (1998)).

3         White alleges that BMO negligently failed to honor his decision to opt out of its overdraft

4    protection program.  He alleges that BMO owed him a duty of care to manage his account in a

5    commercially reasonable manner and abide by his instructions, including the opt-out election.

6    ECF No. 1 ¶ 35.  He further alleges that BMO breached its duty of care by "failing to properly

7    implement Plaintiff's opt-out election," "improperly charging overdraft fees," and "allowing his

8    account to become overdrawn."  *Id*. ¶ 36.  He alleges that "BMO's breach of its duty of care was a

9    direct and proximate cause of [his] injuries and damages."  *Id*. ¶ 37.  Finally, he alleges damages,

10   including the aforementioned fees, his account closure, and the harm caused by the negative credit

11   report.  *Id*. ¶ 38.

12        White appears to have pleaded the elements of a negligence claim.  However, he cannot

13   recover in negligence for purely economic damages stemming from a breach of contract.  "The

14   economic loss rule requires a purchaser to recover in contract for purely economic loss due to

15   disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual

16   promise."  *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004).  White's claims

17   are not independent of the contract at issue.  *See Moore v. Centrelake Med. Grp., Inc.*, 83 Cal.

18   App. 5th 515, 535 (2022) (holding that the economic loss rule applies where "the claim is not

19   independent of the contract").  White also does not allege that he suffered physical injury.  *See*

20   *Robinson Helicopter*, 34 Cal. 4th at 989 ("Tort damages have been permitted in contract cases

21   where a breach of duty directly causes physical injury.").  He therefore may not also recover in

22   negligence for harm stemming from BMO's alleged breach of contract.  *See S. Cal. Gas Leak*

23   *Cases*, 7 Cal. 5th 391, 406 (2019) ("[R]ecovery in negligence for purely economic losses [is] the

24   exception, not the rule.").  White's negligence claim is dismissed.  Because the claim is bound up

25   inextricably with his contract claim, amendment would be futile and dismissal is with prejudice.

26   *See Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (futility of

27   amendment is basis for denial of leave to amend).

28

United States District Court
Northern District of California

1

**E.      Violation of California's Unfair Competition Law**

White's fifth claim alleges that BMO violated California's UCL, Cal. Bus. & Prof. Code § 17200, et seq., in failing to honor his opt-out election and charging him improper overdraft fees. The UCL is a consumer protection statute that broadly prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "Each of these three adjectives captures 'a separate and distinct theory of liability.'" *Rubio v. Cap. One Bank*, 613 F.3d 1195, 1203 (9th Cir. 2010) (quoting *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009)). The unlawful prong "'borrows' violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999) (quoting *State Farm Fire & Casualty Co. v. Superior Court*, 45 Cal. App. 4th 1093, 1103 (1996)). Thus, a plaintiff states a claim under the unlawful prong by sufficiently alleging a violation of another statute. *Rubio*, 613 F.3d at 1204. Similarly, a plaintiff may state a claim under the unfair prong by pleading facts that "show that a practice violates public policy as declared by 'specific constitutional, statutory or regulatory provisions.'" *Id*. at 1205 (quoting *Gregory v. Albertson's, Inc.*, 104 Cal. App. 4th 845, 854 (2002)).

White argues that BMO's conduct violated the UCL's "unlawful" prong by violating Regulation E, 12 C.F.R. § 1005.17, and its "unfair" prong because it is "immoral, unethical, oppressive," and "caus[es] substantial injury to consumers that outweighs any countervailing benefits." ECF No. 1 ¶ 41. The Court has already held that White sufficiently states a claim under Regulation E by alleging that BMO charged him overdraft fees without his written consent and despite his decision to opt-out of the overdraft protection program. White's allegation that BMO violated Regulation E is sufficient to state a claim under the UCL. *See Cortes v. Univ. & State Emps. Credit Union*, No. 22-CV-444-LAB-DEB, 2023 WL 12009972, at *12 (S.D. Cal. Mar. 13, 2023).

**CONCLUSION**

In screening White's complaint, the Court finds that he has stated a claim with respect to the first through third and fifth claims. The fourth claim, for negligence, is dismissed without

leave to amend because amendment would be futile.  White has satisfied the threshold for a pro se litigant to proceed past the screening stage.  *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

The Clerk of Court shall issue the summons. Furthermore, the U.S. Marshal for the Northern District of California shall serve, without prepayment of fees, a copy of the complaint, any amendments or attachments, White's affidavit and this order upon the defendant.  White's motion to direct the marshal to effect service, ECF No. 6, is denied as moot.

**IT IS SO ORDERED.**

Dated:  December 8, 2025



JON S. TIGAR
United States District Judge